# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:11-cv-00023-MR-DCK

| | |
|---|---|
| WILLIAM HOWARD MUSSIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Pursuant to the Social Security Act [Doc. 31].

## I. PROCEDURAL BACKGROUND

On June 24, 2011, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny his application for Social Security Disability Insurance Benefits and Supplemental Security Income. [Doc. 1]. On May 30, 2012, this Court reversed the Commissioner's decision denying the Plaintiff's application for disability benefits and remanded the case to the Appeals Council for further administrative action. [Doc. 24]. On September 13, 2012, the Court awarded the Plaintiff attorney's fees in the amount of $5,233.50 in full satisfaction of any and all

claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). [Doc. 29].

The Plaintiff was found to be disabled following this Court's remand of Plaintiff's case to the Commissioner for further proceedings. The Plaintiff received an award of past due benefits in the amount of $72,509.90. [Doc. 31-1 at 5; Doc. 31-2 at 3]. The Plaintiff and his attorneys had a contingency fee agreement pursuant to which they agreed that any award of attorney's fees would not exceed 25 percent of the past due benefits. [Doc. 27-1]. Thus, the maximum amount of attorney's fees that could be awarded is $18,127.27, which is 25% of the total past due benefits.[1]

The Plaintiff now moves the Court to approve an award of attorney's fees to his counsel under 42 U.S.C. § 406(b)(1) in the amount of $6,517.30, in addition to the previously awarded EAJA fee.[2] The Commissioner does

---

[1] The Notice of Award contains a notification that Plaintiff's retroactive benefits might be reduced if he is found to have received Supplemental Security Income (SSI) benefits during the period he was entitled to past-due benefits. Nevertheless, Plaintiff's counsel's fee is assessed based on the initial calculation of retroactive benefits, prior to any reduction for receipt of SSI benefits. See 42 U.S.C. §§ 406(b)(1)(B)(ii), 1320a-6(a) counsel's § 406(b) fees are determined before any applicable reduction based on receipt of SSI benefits during an earlier period).

[2] Plaintiff's attorneys further note that they have petitioned the Commissioner for an award of fees in the amount of $6,000.00 for services rendered at the administrative level, and that while this fee has been tentatively approved, it has been appealed by Plaintiff's counsel. [Doc. 31-1 at 5-6]. In the event that the amount of the administrative fee is increased, Plaintiff's attorneys agree to refund any difference to the Plaintiff.

not object to the Plaintiff's request. [Doc. 32].

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), which provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the

claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

Here, the Plaintiff and his counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay 25% of any past due benefits awarded to his counsel. [Doc. 27-1]. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, ... § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (internal quotation and citation omitted).

Although the Plaintiff's agreement with counsel would allow him to seek up to 25 percent of the past-due award, counsel seeks only the sum of $6,517.30 under § 406(b), in addition to the previously awarded EAJA

fee and administrative fee. The Defendant consents to an award in this amount. The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and his counsel is reasonable. Accordingly, the Plaintiff's Motion for Attorney's Fees under the Social Security Act is granted.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Pursuant to the Social Security Act [Doc. 31] is hereby **GRANTED** and an award of attorney's fees in the amount of Six Thousand Five Hundred and Seventeen Dollars and Thirty Cents ($6,517.30) pursuant to 42 U.S.C. § 406(b)(1)(A), in addition to the prior EAJA award and administrative fee, is hereby approved, subject to refund for any increase in the award of the administrative fee.

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which may have been withheld for such purpose pursuant to Title II of the Social Security Act.

**IT IS SO ORDERED.**   Signed: January 10, 2014

Martin Reidinger
United States District Judge